# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CAZARES,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF EL CENTRO, et al.,<br><br>                                    Defendants. | Case No.: 3:20-cv-01571-BEN-RBM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br><br>**[Doc. 2]** |

## I.     INTRODUCTION

On August 13, 2020, Plaintiff Jon Cazares ("Plaintiff") filed a complaint against Defendants City of El Centro ("El Centro"), El Centro Police Department Chief of Police Brian Johnson ("Johnson"), and Does 1 through 10 (collectively "Defendants").  (Doc. 1.) Plaintiff alleges Defendants violated his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, et seq., and discriminated and retaliated against Plaintiff in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940.  (Doc. 1 at 2.)  Plaintiff did not pay the required filing fee and instead filed an Application to Proceed Without Prepayment ("the Application").  (Doc. 2.)

1

Having reviewed the underlying complaint and Application, the undersigned **GRANTS** Plaintiff's Application.

## II.   **DISCUSSION**

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).

But litigants proceeding under USERRA are explicitly exempt from being charged fees or court costs. 38 U.S.C. § 4323(h)(1) (stating "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter.")   Congress enacted USERRA, in part, to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). The statute has been construed liberally in favor of uniformed service members seeking its protections. *See Davis v. Advocate Health Ctr. Patient Care Exp.*, 523 F.3d 681, 683-84 (7th Cir. 2008).   Courts have interpreted the language of 38 U.S.C. § 4323(h)(1) to include normal litigation costs such as filing fees. *See Davis*, 523 F.3d at 684-85; *Kowalski v. Hospice by the Sea, Ltd.*, 15-cv-01954-JAH-DHB, Doc. 3 (S.D. Cal. Sept. 10, 2015); *Vonville v. New Century Air Serv., Inc.*, 16-cv-02621-JAR-TJJ, 2016 WL 4919804, *1 (D. Kan. Sept. 15, 2016).

Here, Plaintiff has sufficiently demonstrated entitlement to proceed without prepayment of the filing fee under 38 U.S.C. § 4323(h)(1).  Plaintiff's first cause of action alleges a cause of action under USERRA. (Doc. 1 at ¶¶ 33-43; Doc. 2 at 2.)  Plaintiff asserts he is entitled to the protections of USERRA because he was a member of the uniformed service with the United States Marine Corps from 2012 to 2019. (Doc. 1 at ¶ 12; Doc. 2 at 2.)  Plaintiff alleges that Defendants violated USERRA's anti-retaliation and anti-discrimination provisions by terminating Plaintiff during his probationary period due to "his military/veteran status . . . ." (Doc. 1 at ¶ 40.)

In light of the plain language of 38 U.S.C. § 4323(h)(1) and caselaw, the undersigned finds that Plaintiff is exempt from prepaying the filling fee.

/ / /

/ / /

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Application is **GRANTED**.  The Court hereby waives the filing fee and Plaintiff may proceed with this case without prepayment of the $400 filing fee pursuant to 38 U.S.C. § 4323(h)(1).

**IT IS SO ORDERED**.

Dated:  September 24, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

3