FILED

NOV 1 8 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CAZARES, | Case No.3:20-CV-1571-BEN-**RBM** |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| CITY OF EL CENTRO, a public entity; BRIAN JOHNSON, as Chief of the El Centro Police Department; and DOES 1-10, inclusive, | **[ECF No. 6, 9]** |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Jon Cazares ("Plaintiff") brings this action for discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301- 4333 ("USERRA") and California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12940, *et seq*. ("FEHA") against Defendants City of El Centro, a public entity, and Brian Johnson, Chief of the El Centro Police Department (collectively, "Defendants").  ECF No. 1.

Before the Court are the Motions to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants City of El Centro and Brian Johnson (the "Motions").  ECF No. 6, 9.

The motions were submitted on the papers without oral argument pursuant to Civil

-1-

Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 12. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Defendants' Motions as moot.

## II.  BACKGROUND

On August 13, 2020, Plaintiff filed his complaint against Defendants alleging claims for relief for violations of (1) USERRA; (2) FEHA's prohibition against Military/Veteran Status Discrimination; (3) FEHA's prohibition against Disability Discrimination; (4) FEHA's prohibition against Retaliation for Requesting Reasonable Accommodation; (5) FEHA's prohibition against Failing to Provide Reasonable Accommodation; (6) FEHA's prohibition against Failing to Engage in Good Faith Interactive Process; and (7) FEHA's prohibition against Failing to Prevent Discrimination and/or Retaliation. ECF No. 1.

On October 5, 2020, Defendants were personally served with the complaint. ECF No. 7, 8. On October 23, 2020, Defendant City of El Centro filed a Motion to Dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 6. On November 4, 2020, Defendant Brian Johnson also filed a Motion to Dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9.

On November 9, 2020, Plaintiff filed a First Amended Complaint alleging the same claims for relief but adding additional allegations in response to Defendants' Motions. ECF No. 10,

On November 9, 2020, Plaintiff filed a Statement of Non-Opposition to Defendants' Motion to Dismiss the Complaint Due to the Filing of the First Amended Complaint. ECF No. 11.

## III.  DISCUSSION

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (reversing the district court's granting

-2-

of the defendants' motion to dismiss the superseded first amended complaint and the resulting dismissal of the case because the timely filed second amended complaint mooted the motion to dismiss targeted at Plaintiff's first amended complaint, which was no longer in effect). "[A]n issue is moot when deciding it would have no effect within the confines of the case itself." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009). Here, Defendants' Motions to Dismiss sought to dismiss Plaintiff's original complaint, which is no longer operative due to Plaintiff's filing of his First Amended Complaint. Thus, granting Defendants' Motion to Dismiss would have no effect within the confines of this case.

## IV.   CONCLUSION

For the above reasons, the Court **DENIES** both Defendants' Motion to Dismiss Plaintiff's original complaint and vacates the hearings set for Monday, November 23, 2020, at 11:30 a.m., and December 7, 2020 at 10:30 a.m. The Court's ruling is *without prejudice* to Defendants' ability to file a motion to dismiss Plaintiff's First Amended Complaint. Further, should Defendants file such a motion, the Parties should address Plaintiff's compliance with the California Government Claims Act, CAL. GOV'T CODE § 815, *et seq.*

DATED:   November /8, 2020

HON. ROGER T. BENITEZ
United States District Judge

3:20-CV-1627-BEN-AGS